UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VERIZON ADVANCED DATA INC., et al.,

        Plaintiffs,

                              Case No. 05-cv-955
  v.                 JUDGE GREGORY L. FROST
                             Magistrate Judge E.A. Preston Deavers

FROGNET, INC., et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File Motion for Summary Judgment as to Defendants' Remaining Counterclaim for Trial.  (ECF No. 100.)  In that motion, Plaintiff Verizon requests permission to file a second motion for summary judgment on Defendant Frognet's counterclaim of tortious interference with business relationships.  Verizon previously moved for and was denied summary judgment on this claim.

Verizon argues that good cause exists for granting leave to file a second motion on this claim.  Verizon contends that is "has been diligent—the most important factor in a 'good cause' analysis—in meeting the Court's scheduled deadlines."  *Id.* at 3.  Plaintiff further argues that:

> Verizon filed its first motion for summary judgment (Doc. 64) on July 31, 2009, within the Court's schedule. In that motion, Verizon (correctly) argued that FrogNet's counterclaim for tortious interference failed as a matter of law, because FrogNet had defaulted in its payments to Verizon, and therefore Verizon had proper grounds (*i.e.*, grounds which were not tortious) to terminate FrogNet's DSL accounts. In response, FrogNet contended that whether or not FrogNet failed to pay Verizon for its DSL accounts at a certain point in time was a question of fact that could not be resolved on summary judgment.  However, in the Amended Stipulations, FrogNet now concedes that it defaulted in payments to Verizon as early as January 2003—months prior to the alleged wrongful conduct that forms the basis for FrogNet's tortious interference counterclaim—and that it failed to meet an

>agreed-upon payment plan. Because Verizon had a proper contractual basis for terminating FrogNet's DSL account, any tort claim is thereby foreclosed as a matter of law.

*Id.* at 3-4.

Plaintiff Verizon also argues that it should be entitled to file a second motion for summary judgment because there would be no prejudice to FrogNet. Verizon claims that there is no prejudice because "Trial (which is to the Court) is not scheduled until May 2, 2011." *Id.* at 4.

Verizon's arguments are not well taken.

Frognet likely disagrees with Verizon's proposition that good cause exists to permit Verizon a second bite at the summary judgment apple. To allow Frognet the opportunity to submit its arguments in this regard, the Court must permit briefing on the issue of whether good cause exists to allow a second round of summary judgment briefing. After that, the Court would be required to permit briefing on the second motion for summary judgment. Even if the Court expedited these briefing schedules, it would provide it with at most a week to rule on the motion before trial, which is scheduled in just over one month. This is an unacceptable proposition.

When this Court schedules dispositive motion deadlines, it also schedules the time allotted to rule on any dispositive motions in light of the Court's schedule during that period of time. The Court sets aside time to research and draft the opinion while coordinating the same efforts on other opinions in other cases being drafted during the same period. Such scheduling enables the Court to issue a decision in a timely manner so as to provide sufficient time for trial counsel to evaluate their case and proceed. Here, however, because dispositive motions

deadlines are passed, and indeed Judge Holschuh[1] has already ruled on those dispositive motions, this Court has no allotted time to rule on dispositive motions before trial.  Further, allowing a second round of summary judgment briefing leaves the parties in the unenviable position of preparing for trial without knowing what claims will be presented at that trial.

Accordingly, the Court finds that good cause does not exist to permit Verizon to file a second motion for summary judgment on Frognet's counterclaim.  Therefore, the Court **DENIES** Plaintiffs' Motion for Leave to File Motion for Summary Judgment as to Defendants' Remaining Counterclaim for Trial.  (ECF No. 100.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**

---

[1] On December 30, 2010, this case was transferred from Judge Holschuh's docket to the docket of the undersigned.